# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE ESTATE OF GREGORY ROMBACH and DONNA MAHL ROMBACH, on behalf of the minor child, D.A.R.<br>    Plaintiff<br><br>VERSUS<br><br>JOE CULPEPPER, Individually and in his official capacity as Chief of Police, City of Bogalusa, Louisiana, SCOTT ADAMS, Individually and in his official capcacity as Warden, Bogalusa City Jail, WENDY O'QUIN PERETTE, Individually and in her official capacity as Mayor, City of Bogalusa, and JOHN DOE(S) and/or JANE DOE(S) A-Z individually and in their official capacities and XYZ INSURANCE COMPANY<br>    Defendants | CIVIL ACTION NO.: 16-0556<br><br>SECTION: "'B"<br><br>MAGISTRATE: 2 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come Defendants JOE CULPEPPER, Individually and in his official capacity as Chief of Police ("Chief Culpepper"), City of Bogalusa, Louisiana, SCOTT ADAMS, Individually and in his official capacity as Warden, Bogalusa City Jail ("Warden Adams"), WENDY O'QUIN PERETTE, Individually and in her official capacity as Mayor, City of Bogalusa (Mayor Perette") and The City of Bogalusa ("Bogalusa"), who respectfully object to and oppose Plaintiffs' motion for leave to file a second amended complaint to substitute Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton in their official and individual capacities for the John and Jane Doe Defendants, because Plaintiffs' motion is filed well over a year too late, and for the following reasons, to wit:

## I. Procedural History

Plaintiffs filed their Original Complaint on January 22, 2016 (Doc. 1) and their First Amended Complaint on January 23, 2016. (Doc. 2) Defendants answered the complaints on April 11, 2016. (Doc. 9) On May 10, 2016, this Honorable Court issued a scheduling order after a preliminary conference attended by Counsel for the Plaintiffs and Defendants, wherein the agreed deadlines by which to issue initial disclosure was set for May 24, 2016 and to amend pleadings was set for June 10, 2016. (Doc. 11)

On May 24, 2016, the defendants issued their Rule 26 initial disclosures to Plaintiffs in compliance with the scheduling order, which identified Lisa Erwin, Lesley Knight, Rodney Kelly, and other members of the Bogalusa Police Department as potential witnesses. (Ex. A) On June 17, 2016, a full week after the deadline by which to amend pleadings, Plaintiffs served their first set of written discovery on the defendants. (Ex. B)

On August 18, 2016, Defendants responded to the Plaintiffs' written discovery and specifically identified Lisa Erwin, Lesley Knight, Rodney Kelly, and other members of the Bogalusa Police Department as potential witnesses. (Ex. C) The Defendants also produced a copy of the jail logs and the police report that contain the names of Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton. (Exs. D & E)

On November 21, 2016, the Defendants filed their witness list which identified Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton and other members of the Bogalusa Police Department as potential witnesses for trial. (Doc. 14)

On November 21, 2016, Plaintiffs filed their witness list which identified Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton and other members of the Bogalusa Police Department as potential Plaintiffs' witnesses for trial. (Doc. 15) On January 11,

2017, the trial date was reset at the request of the Parties. (Doc. 18)

On May 18, 2017, Plaintiffs issued their first notice to take the depositions of Louis Clark, Lisa Erwin and Leslie Knight. (Ex. F) The deposition was cancelled due to inclement weather that prevented safe travel and reset for July 7, 2017.

On July 6, 2017, Plaintiffs filed another witness list which identified Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton and other members of the Bogalusa Police Department as potential Plaintiffs' witnesses for trial. (Doc. 19)

On July 7, 2017, Leslie Knight, Lisa Erwin and Louis Clark were deposed by Plaintiffs' counsel. (Exs. G, H & I)

On July 10, 2017, Defendants filed another witness list which identified Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton and other members of the Bogalusa Police Department as potential witnesses for trial. (Doc. 20) On September 27, 2017, the trial date was reset at the request of the Parties. (Doc. 26)

On January 15, 2018, Plaintiffs filed another witness list which identified Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton and other members of the Bogalusa Police Department as potential Plaintiffs' witnesses for trial. (Doc. 27)

On January 16, 2018, Defendants filed another witness list which identified Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton and other members of the Bogalusa Police Department as potential witnesses for trial. (Doc. 28)

On January 30, 2018, Defendants filed their Motion for Summary Judgment (Doc. 29), and Plaintiffs filed their Motion for Leave to File a Second Amended Complaint. (Doc. 30)

## II. Plaintiffs' Motion for Leave to Amend

Plaintiffs argue that they should be allowed to amend their complaint after the passage of so

much time, because they want to substitute the John and Jane Doe Defendants named in their Original Complaint and First Amended Complaint with the names of Louis Clark, Lisa Erwin, Lesley Knight, Leonard Powell, Rodney Kelly, and Lashonda Peyton. Plaintiffs allege that their motion for leave must be granted because their reasons for failure to timely amend their complaint pass the four factors set forth in *S&W Enterprises, L.L.C. v. S. Trust Bank of Ala., NA*, 315 F3d 533, 536 (5th Cir. 2003) ("*S&W* factors"). The Defendants disagree, object to and oppose Plaintiffs' arguments, because the record is clear that the Plaintiffs had more than enough notice of the identities of these potential defendants and chose not to amend their complaint.

The Plaintiffs' argument that they were somehow prevented from knowing or did not have enough information to know who to sue is not accurate, is not supported by the record and therefore must be wholly rejected as nothing more than a self-serving excuse and attempt to add the potential defendants to bolster the Plaintiff's response to the summary judgment. The record is clear that Plaintiffs, for their own reasons chose to wait for over 16 months since the Defendants more than adequately identified these potential defendants in their discovery responses to make this untimely and unwarranted attempt to amend their complaint.

In addition, Plaintiffs' arguments must fail, because Plaintiffs have actually named and identified these potential defendants as potential Plaintiffs' witnesses in their three separately filed witness lists. (Exs. 15, 19, & 27) As a result, there can be no doubt that Plaintiffs had more than ample information and opportunity to decide whether to amend their complaint and add these additional defendants, but chose not to do so. Therefore, Plaintiffs' motion must be denied.

The Defendants will now address each of the *S&W* factors relied upon by Plaintiffs to further respond to, object to and oppose Plaintiffs' motion for leave to file a second amended complaint,

to wit:

**1.      Plaintiffs' Explanation For Filing Beyond Deadline to Amend Must Be Rejected**

Plaintiffs claim that there is good cause for the untimely motion for leave to amend and make substitutions, because the identities of the potential parties were not discovered until after June 10, 2016, the original deadline for amendments to the pleadings. (Doc. 30-1, p. 2) The Defendants object to and disagree with this argument, because it is inaccurate, and because Plaintiffs further acknowledge that these witnesses were identified by the Defendants in their Rule 26 initial disclosures as early as May 24, 2016 and in written responses to discovery and document production on August 18, 2016. Therefore, Plaintiffs could have easily amended their complaint prior to June 6, 2016, and/or sought leave to amend shortly after the discovery production in August 2016, but chose not to do so.

Surprisingly, Plaintiffs also claim that "[I]t was not until July 7, 2017, that the Plaintiffs had the opportunity to depose three of the potential new parties- Leslie Knight, Lisa Erwin and Louis Clark." Plaintiffs further argue that "it was not until after the depositions in July that the plaintiffs had information concerning the actual activities of the newly named defendants to justify the possibility of asserting claims against them. (Doc. 30-1)

The Defendants object to and oppose this argument, because the Plaintiffs had more than enough opportunity over the last two years to depose anyone they chose, but failed to take any depositions until July 7, 2017, and took no other depositions. The record is clear that Plaintiffs had more than enough notice of the identities of these potential defendants and actually listed them as potential Plaintiffs' witnesses in their list filed on July 6, 2017, the day before the Plaintiffs deposed Knight, Erwin and Clark. (Doc. 19). In addition, Plaintiffs have actually named and identified these potential defendants as potential Plaintiffs' witnesses in their three separately filed witness and

exhibits lists. (Exs. 15, 19, & 27) As a result, there can be no doubt that Plaintiffs had more than ample information and opportunity to decide whether to amend their complaint and add these additional defendants, but chose not to do so. Plaintiffs' explanation for why they chose not to move for leave to amend until now is not supported by the record, is inaccurate, fails to establish good cause. Therefore, Plaintiffs' motion must be denied.

**2.      The Importance of the Amendment**

Plaintiffs argue that the amended complaint is important, because adding the additional defendants is vital to their case, and Plaintiffs should be allowed to pursue their claims against all persons that may be liable to them for the death of Gregory Rombach. Plaintiffs further argue that the amendment is especially important now that the Defendants have filed a motion for summary judgment.

The Defendants disagree with the Plaintiffs' argument, not because inclusion of all Defendants that may be liable is not important, but because Plaintiffs have failed to properly and timely prosecute their case, failed to timely name all of the potential defendants and failed to properly and timely serve all of the defendants as required by the Federal Code of Civil Procedure. Plaintiffs have known the identities of these potential defendants for well over a year and even listed them as Plaintiffs' witnesses on July 6, 2017, and deposed Knight, Erwin and Clark on July 7, 2017, but never made any attempt to add them as potential defendant s until now.

Plaintiffs fail to acknowledge that the federal rules require and it is also important to properly name and serve the defendants believed to have potential liability, so that those potential defendants can obtain counsel and properly defend themselves in the litigation. Plaintiffs have had well over a year to ask this Court for leave to amend their complaint to add these potential defendants, the identities of which plaintiff have known since May 24, 2016.  The Plaintiffs did not choose to

depose some of these potential defendants until July 7, 2017, deposed no one else, and then chose not to seek leave to add these potential defendants until now. It is clear that the only reason Plaintiffs filed their motion for leave to amend is that the Defendants filed the motion for summary judgment. Plaintiffs offer no other valid reason for waiting so long to try and amend their complaint. Therefore, Plaintiffs failed to present this Honorable Court with good cause for the late request to amend and their motion must be denied.

3.  **Potential Prejudice in Allowing the Amendment**

Since this suit was filed and certainly throughout the discovery phase of this case, the Plaintiffs have never indicated in any way that they were interested in and/or were going to seek leave to amend their complaint to add these new defendants. Plaintiffs' argument that there is no prejudice to any current party in allowing the amendment of their complaint to add the additional parties because the identities of the potential new defendants was known to the current parties is outrageous and incomprehensible and must be rejected.

Plaintiffs seem to sugarcoat the fact that they are asking this Court for leave to add six new defendants to try and obtain a money judgment against these potential new parties in their individual capacity. Plaintiffs also self servingly state that they simply want to add the names and they see no need to conduct additional discovery, therefore no harm done and no prejudice to anyone. The Defendants disagree and object to this argument, because it clearly ignores the very real prejudice posed to the potential new defendants and the current defendants by an amended complaint. To the contrary, if Plaintiffs are allowed to amend their complaint, these potential new defendants and current defendants will suddenly become faced with the risk of having to pay damages and possibly punitive damages for new parties, will certainly need to seek counsel, will certainly have to respond to the allegations, conduct discovery, and catch up on over two years of ongoing litigation. In

essence, this case will have to start over again, which will result in additional unnecessary judicial expenses, costs of defense and attorney's fees, most of which will be at taxpayer's expense. As a result, Plaintiffs' proposed amendment is clearly highly prejudicial to the court, to the current defendants and to the potential new defendants, and therefore, Plaintiffs' motion must be denied.

**4.     The Availability of a Continuance to Cure Such Prejudice**

Plaintiffs argue that even though their request for leave to amend the complaint will not cause prejudice to anyone, they are open to a continuance in the event that any new party believes he or she would suffer any prejudice. This argument too is absurd. This matter has been continued several times already and in all of that time and despite knowing the identities of these potential new defendants, Plaintiffs chose not to seek leave to amend their complaint. The only reason Plaintiffs are seeking to amend their complaint now is because the Defendants filed their motion for summary judgment. Plaintiffs should not be rewarded for choosing not to amend their complaint until the eleventh hour to try and obtain some sort of reprieve from a motion for summary judgment. As such, Plaintiffs' argument is without merit and their motion must be denied.

WHEREFORE, for the foregoing reasons, the Defendants hereby object to and oppose Plaintiffs' motion for leave to amend their complaint, and respectfully ask this Honorable Court to deny the motion.

Respectfully submitted,

NIELSEN & TREAS, L.L.C.

*/s/ Keith M. Detweiler*
Keith M. Detweiler, La. S.B. #20784
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500
F: (504) 832-9165

Counsel for Defendants,
Joe Culpepper, Scott Adams, Wendy O'Quin Perrette,
and City of Bogalusa

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

David C. Whitmore
Lawrence Blake Jones
Scheuermann & Jones
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Email: jones@nola-law.com; dcw@nola-law.com

                                        */s/ Keith M. Detweiler*
                                        Keith M. Detweiler