THE ESTATE OF GREGORY ROMBACH          CIVIL ACTION NO.: 16-0556
and DONNA MAHL ROMBACH, on behalf of
the minor child, D.A.R.                SECTION: "'M"
      Plaintiff
                                 MAGISTRATE: 2

**VERSUS**

JOE CULPEPPER, Individually and in his
official capacity as Chief of Police, City of
Bogalusa, Louisiana, SCOTT ADAMS,
Individually and in his official capcacity as
Warden, Bogalusa City Jail, WENDY O'QUIN
PERETTE, Individually and in her official
capacity as Mayor, City of Bogalusa, and JOHN
DOE(S) and/or JANE DOE(S) A-Z individually
and in their official capacities and XYZ
INSURANCE COMPANY
      Defendants
**************************************************************************

## <u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

NOW INTO COURT, through undersigned counsel, come Defendants JOE CULPEPPER,

in his individual and official capacity as Chief of Police ("Chief Culpepper"), City of Bogalusa,

Louisiana, SCOTT ADAMS, in his individual and official capacity as Warden, Bogalusa City Jail

("Warden Adams"), WENDY O'QUIN PERETTE, in her individual and official capacity as Mayor,

City of Bogalusa (Mayor Perette"), Otis Taylor, individually and in his official capacity as a City of

Bogalusa employee, Louis Clark, individually and in his official capacity as a City of Bogalusa

employee, Lesley Knight, individually and in her official capacity as a City of Bogalusa employee,

Lisa Erwin, individually and in her official capacity as a City of Bogalusa employee, Leonard

Powell, individually and in her official capacity as a City of Bogalusa employee, Lashonda Payton,

individually and in her official capacity as a City of Bogalusa employee, and The City of Bogalusa ("Bogalusa"), who respectfully submit this memorandum filed in support of their motion for summary judgment, pursuant to Fed.R.Civ.P. 56 and contend that there are no genuine issues of material fact, and Plaintiffs failed to state a cause of action against these Defendants for which relief may be granted under federal and/or Louisiana state law; Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton are entitled to the protections of qualified immunity; and there is no proof that any of these Defendants are liable to the Plaintiffs for the relief sought, thus, all of Plaintiffs' claims against the Defendants pursuant to federal and/or Louisiana state law must be dismissed with prejudice as a matter of law and at Plaintiffs' cost.

## I.    Plaintiffs' Claims

Gregory Rombach ("Rombach") died of a perforated duodenal ulcer with peritonitis while incarcerated in the City of Bogalusa's jail facility on July 9, 2015. Plaintiffs specifically allege that Rombach "passed away from a perforated duodenal ulcer due to lack of care while in Bogalusa City Jail." (Doc. 60, ¶4)

Plaintiffs sued Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton for violations of the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983 for allegedly refusing to provide necessary medical attention to decedent Rombach, which resulted in his death. Plaintiffs also sued these Defendants under Louisiana law for negligence, wrongful death and survival actions on behalf of Rombach's estate and surviving minor child, D.A.R. Plaintiffs further specifically allege that these Defendants knowingly and intentionally failed to provide medical treatment; caused Rombach to suffer; condoned, ratified and acquiesced in the infliction of cruel and unusual punishment, which violated

Rombach's rights. (Doc. 60,¶¶ 15-27, ) However, Plaintiffs failed to allege that any specific individual defendant committed any specific individual acts or inactions that intentionally caused and/or intentionally contributed to the death of Rombach. There is no allegation of wrongdoing asserted against any individual defendant to assert a cause of action or specify what each individual defendant did or did not do to intentionally cause and/or intentionally contribute to the harm and/or death of Rombach. In addition, Plaintiffs also fail to assert and or establish that Rombach himself knew of his condition and made known to the Defendants at any time that he was suffering from a life threatening duodenal ulcer. Therefore, there are no genuine issues of material fact, and Plaintiffs failed to state a cause of action against these Defendants for which relief may be granted under federal and/or Louisiana state law; Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton are entitled to the protections of qualified immunity, and their claims must be dismissed with prejudice.

Plaintiffs also specifically sued Chief Culpepper, Warden Adams and Mayor Perette for *Monell* type municipal violations for having a custom, policy, practice, and procedure of negligently and inadequately hiring, training, supervising and retaining "deputy sheriffs" (sic) respective to responding detainees and/or other persons in their care and custody with physical complaints and/or in need of medical care, and this negligence gave rise to the constitutional and statutory violations. Plaintiffs further allege that Chief Culpepper, Warden Adams and Mayor Perette condoned, ratified, approved and/or otherwise acquiesced in the death of Rombach, and maintained an atmosphere in the "Sheriff's Department" (sic) which encourages "official lawlessness" among deputy sheriffs (sic), the kind of which is responsible for Rombach's death. Plaintiffs further allege that Chief Culpepper, Warden Adams and Mayor Perette are liable under the principle of respondeat superior

for the actions of the unidentified defendants. (Doc. 60,¶18)[1]

Plaintiffs failed to raise any specific allegations against the City of Bogalusa. However, Chief Culpepper, Warden Adams and Mayor Perette were sued in their official capacities, which can be considered the same as suit against the municipal entity. *Hufer v. Melo*, 502 U.S. 21, 25 (1991) Therefore, Plaintiffs' allegations against the named Defendants in their official capacities will be treated as if raised against Bogalusa as well for purposes of this motion.

Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton have asserted the affirmative defense of qualified immunity. Government officials are entitled to assert claims of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Vaughn v. U.S. Small Business Administration*, 65 F.3d 1322, 1325 (6th Cir. 1995); *Sveeggen v. U.S.*, 988 F.2d 829, 831 (8th Cir. 1993). Dismissal is appropriate where the complaint itself establishes the circumstances necessary as a predicate to a finding of qualified immunity. *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995); *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993); *Green v. Maraio*, 722 F.2d 1013, 1019 (2d Cir. 1983). The same is also true where the complaint fails to allege any facts that would cast doubt on or invite inquiry as to the scope of an immunity based on the defendant's alleged malice or bad faith. *Franklin v. Zuber*, 56 F.R.D. 601, 604 (S.D.N.Y. 1972.)

Plaintiffs failed to raise any specific allegations to establish and/or prove what each

---

[1]In this Court's Order and Reasons issued in response to the Defendants' first motion for summary judgment, the Court dismissed all individual claims against Chief Culpepper, Warden Adams and Mayor Perrette. However, despite the Court's ruling, these Defendants were named individually again in Plaintiffs' Second Amended Complaint, which is surely an oversight. (See Docs. 52 & 60)

individual defendant did to allegedly cause actionable harm to Rombach. The Plaintiffs also did not allege and cannot prove that the named Defendants, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton, knew that Rombach had an ulcer, knew that Rombach was facing a serious risk of harm, intentionally chose to ignore that serious risk of harm, intentionally chose not treat or provide reasonable care for that serious risk, and/or acted in any way with malice or bad faith in relation to the death of Rombach.

Therefore, Plaintiffs' purported individual claims and purported *Monell* claim must fail as a matter of law, because Plaintiffs have not pleaded and cannot prove that an underlying constitutional violation was committed by any named Defendant, thus there can be no valid *Monell* claim. As a result, all of Plaintiffs' claims must be dismissed as a matter of law with prejudice.

## II. Summary of Relevant Indisputable Material Facts

As part of this motion, the Defendants have attached a Statement of Indisputable Material Facts, as is required by local rule. The Statement sets out the indisputable material facts and is supported by reference to the relevant exhibits attached to the motion. The Defendants hereby adopt and incorporate by reference that Statement, to which the Court is referred for the facts necessary to decide this motion. The Defendants also hereby adopt the Order and Reasons issued by the Honorable Judge Ivan L.R. Lemelle on March 8, 2018 related to the prior Motion for Summary Judgment filed by Defendants, Culpepper, O'Quin Perrette, Adams and City of Bogalusa, as a factual and legal basis for this Motion for Summary Judgment filed by Joe Culpepper, Scott Adams, Wendy O'Quin Perette, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin,  Leonard Powell, Lashonda Payton, and The City of Bogalusa.  (Doc. 52)

**III.    Summary of Argument for Summary Judgment**

1.      Plaintiffs failed to specifically articulate any individual cause of action and/or specify any individual acts or omissions allegedly committed individually by Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton, therefore, Plaintiffs failed to raise a proper cause of action against these individual Defendants. As a result, Plaintiff cannot prove any specific cause of action against these individually named Defendants, and at the very least, these named Defendants are entitled to the protections of Qualified Immunity.

2.      Plaintiffs failed to properly state a cause of action against Chief Culpepper, Warden Adams, Mayor Perette and/or Bogalusa for any *Monell*-type municipal violations. In order to prove municipal liability under 42 USC 1983, the Plaintiff must prove that there was an underlying constitutional violation by a municipal employee acting under color of law. Plaintiffs failed to properly and specifically identify any individual City of Bogalusa employee that allegedly individually committed an underlying violation of Rombach's constitutional rights, therefore, they cannot possibly sustain a *Monell* claim against the City of Bogalusa and/or any of the named Defendants in their official capacities.

3.      Although not specifically pleaded in the Plaintiffs' Complaint or Amended Complaint, to the extent that the Plaintiffs raised a viable cause of action against the named Defendants for deliberate indifference, the Defendants respectfully assert that there is absolutely no evidence to suggest and Plaintiffs cannot prove that the named Defendants or any other employee of the City of Bogalusa are liable for deliberate indifference in relation to the death of Rombach.

4.      Although not specifically pleaded in the Plaintiffs' Complaint or Amended Complaint, to the extent that the Plaintiffs have raised a viable cause of action against the named Defendants for cruel

and unusual punishment, the Defendants respectfully assert that there is absolutely no evidence to suggest and Plaintiffs cannot prove that these named Defendants or any other employee of the City of Bogalusa are liable for cruel and unusual punishment in relation to the death of Rombach.

5.     Plaintiffs cannot prove that any of the named Defendants is liable under Louisiana law, because Rombach never told anyone that he had a duodenal ulcer, that he was suffering from a duodenal ulcer, and/or that he needed medical treatment for a duodenal ulcer.

This motion is submitted on behalf of the named Defendants, who were never told about an emergent medical condition involving a perforated duodenal ulcer and were never put in a position to intentionally decide whether George Rombach was suffering from a life threatening perforated duodenal ulcer and to intentionally decide whether or not to treat him or provide reasonable medical care. Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton are entitled to Qualified Immunity, because they did nothing to contribute Rombach's death caused by a perforated duodenal ulcer and were never in a position to violate or deny Rombach's rights. Therefore, they cannot be cast in judgment for harm that they did not cause. As a result, Plaintiffs failed to articulate any specific causes of action against these individual Defendants and therefore cannot sustain any cause of action against these individual Defendants.

This motion for summary judgment is necessary, because the relevant underlying facts are virtually uncontested and the record is clear that the Plaintiffs have no cause of action, no right of action, and cannot offer any proof to support the allegations of harm under state or federal law against these individual Defendants in their personal and/or official capacities as a matter of law. Therefore, all of Plaintiffs' claims must be dismissed with prejudice and at Plaintiffs' cost.

IV.     **LAW & ARGUMENT**

a.      **Federal Rules of Civil Procedure Rule 56 Standard**

The United States Supreme Court has addressed the standard for summary judgment as set

forth in Federal Rules of Civil Procedure Rule 56(c), as follows:

[A] party seeking summary judgment always bears the initial responsibility of informing the

district court of the basis of its motion, and identifying those portions of the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, which it

believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477

U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

After the moving party has met this initial burden, "[t]he evidence of the non-movant is to

be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby,

Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Rule 56(e), however, does

not permit the nonmoving party to avoid summary judgment by resting on the pleadings, but

"requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the

depositions, answers to interrogatories, and admissions on file, designate specific facts showing that

there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, the mere

existence of a scintilla of evidence in support of the non-movant's position is insufficient; there must

be evidence on which the trier of fact could reasonably find for the non-movant. *Anderson,* 477 U.S.

at 251-52, 106 S.Ct. at 2511.

b.      **Named Bogalusa Defendants, Otis Taylor, Louis Clark, Lesley Knight, Lisa
        Erwin, Leonard Powell, and Lashonda Payton are Entitled to Qualified
        Immunity**

The doctrine of qualified immunity protects government officials from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional rights, which a reasonable person would have known. *Messerschmidt v. Millender*, 132 S.Ct. 1235 (2012) Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law. Id. In applying the qualified immunity analysis, individual liability under 1983 must be premised in each defendant's participation in the plaintiff's constitutional injury. *Berry v. Leslie*, 767 F.3d 1144, 1154 (11th Cir. 2014)

Qualified immunity questions should be resolved at the earliest stage in litigation. *Porter v. Epps*, 659 F.3d 440, 445 (5thCir. 2011) Qualified immunity is an immunity from suit, rather than a mere defense to liability, and like an absolute immunity, is effectively lost if a case is erroneously permitted to go to trial. *Scott v. Harris*, 550 U.S. 372, 376 (2007)

When a defendant asserts qualified immunity, a "heavy two-part burden" shifts to the plaintiff to establish (1) a violation of a constitutional right (2) that was clearly established; failure on either element is fatal to the plaintiff's claims. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015) It is presumed that law enforcement officers are immune from lawsuits seeking damages for conduct they undertook in the course of performing their jobs. *Id.* Both steps in the qualified immunity analysis are questions of law. *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) To satisfy this burden, the plaintiff may not merely identify an abstract right; the contour of the right must be sufficiently clear that a reasonable official would understand that what he or she is doing violates that right. *Saucier v. Katz*, 533 U.S. 194 (2001)

Plaintiffs sued Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton for discretionary actions and/or inactions that they allegedly took as public officials

employed by the City of Bogalusa. However, Plaintiffs did not specifically allege or identify what intentional action or inaction each individual Defendant intentionally committed to cause what specific harm intentionally to Rombach. Plaintiffs assert very general conclusory allegations of wrongdoing as to all Defendants, but fail to articulate individual causes of action against each individual Defendant and fail to show how each individual Defendant intentionally and knowingly caused Rombach harm or contributed to his death. It is indisputable that Rombach did not appear to be in emergent medical distress stemming from a perforated duodenal ulcer and Rombach certainly never told Warden Adams or any other employee that he was suffering from a duodenal ulcer and/or that he needed medical or emergent treatment for a perforate duodenal ulcer. (Ex. A) In fact, his cell mate, Christopher Flot admits that Rombach was suffering from heroin withdrawal only and never complained of or asked to be treated for a perforated duodenal ulcer.

"A public official performing a discretionary function is entitled to qualified immunity in a civil action for damages, provided his conduct does not 'violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.'" *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether a defendant is entitled to qualified immunity, we decide whether facts alleged or shown by the plaintiff make out a violation of a constitutional right, and whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009). If there is no violation at all in the Plaintiff's version of the facts, then the Defendant's conduct cannot constitute a violation of clearly established law. *Gentilello v. Rege*, 09-11216 (5th Cir. Dec. 1, 2010).

In *Salas v. Carpenter*, the United States Fifth Circuit stated, "[I]n this circuit, the qualified immunity defense involves a shifting burden of proof. Although we sometimes short-handedly refer

to only one party's burden, the law is that both bear a burden. The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir.1982), *cert. denied*, 460 U.S. 1012, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1983). Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law. *Id.*; *Whatley v. Philo*, 817 F.2d 19, 20 (5th Cir.1987); *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1310 (5th Cir.1987), cert. denied, 484 U.S. 1065, 108 S.Ct. 1026, 98 L.Ed.2d 990 (1988). The Fifth Circuit does not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs. In this case, Carpenter has claimed qualified immunity and established that he acted within his authority as sheriff. If plaintiffs have stated valid claims, they bear the burden of demonstrating that Carpenter's actions violated clearly established law." *Salas v. Carpenter*, 980 F.2d 299, (5th Cir. 1992)

The Plaintiffs' lawsuit against Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton alleges that they had specific knowledge that Rombach was suffering from a life threatening condition and that they intentionally and knowingly ignored Rombach's pleas for help and medical treatment and even acquiesced in Rombach's suffering and eventual death. These allegations are not supported by the record and there is absolutely no evidence to lodge such baseless allegations against these Defendants.

The testimony of Rombach's family is clear that Rombach never told anyone that he had an ulcer; Rombach did not know he had an ulcer; Rombach had a high threshold for pain and was not one to complain; Rombach did not tell them that he had an ulcer; Rombach did not tell his family that he needed medical care; and Rombach did not tell his family that the Bogalusa Jail Personnel

were refusing to provide him with medical care. (Exs. A, I, J, & K)

In addition, Rombach never told the jail personnel that he was suffering from a duodenal ulcer or needed medical attention for the duodenal ulcer. The jail personnel did move Rombach to an observation cell that is closer to the guard's control room, because he was being disruptive and to allow the guards to better observe him. When questioned about the withdrawal symptoms, Rombach said he was fine and requested to go back to his cell, therefore, Rombach was allowed to go back to his cell. Rombach also never told any jail personnel that he needed medical attention or wanted medical attention due to the withdrawal symptoms that he was experiencing. (Exs. A, L, M, & N)

The record is clear that Rombach never told anyone about a perforated duodenal ulcer and never told anyone that his condition had worsened to the point that he needed medical attention. Therefore, Plaintiffs cannot establish that Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton  intentionally, knowingly, and/or negligently refused to provide him medical care for a perforated duodenal ulcer, were deliberately indifferent to any serious risk of harm that he faced from an ulcer, caused Rombach to suffer, and/or acquiesced in Rombach's death. As a result of the foregoing, the record evidence clearly proves that Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton  are entitled to the protections of qualified immunity and all of Plaintiffs' claims under federal and/or state law must be dismissed with prejudice.

> **d.     Plaintiff Failed to State §1983 Action Against Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton**

Plaintiffs sued Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton in their individual and official capacities as employees of the City of Bogalusa.

Plaintiffs specifically alleged that Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton "violated the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983 by refusing to provide necessary medical attention to decedent, Gregory Rombach, which resulted in his needless and untimely death." Further "Defendants violated LSA-Cc arts 2315, 2315.1 and 2316 by refusing to provide necessary medical attention to decedent, Gregory Rombach, which resulted in his needless and untimely death." (Doc. 60, ¶¶15-16)

Plaintiff further collectively alleges that "specifically, Defendants Otis Taylor, Louis Clark, Lisa Erwin, Lesley Knoght, leonard Powell and Lashonda Payton knowingly and intentionally either commited or failed to commit a laundry list of generalized conclusory allegations of wrongdoing that allegedly violated decedent's rights. (Doc. 60, ¶17)

However, Plaintiffs have never properly articulated specific violations of 42 U.S.C. §1983 as to each of these individually named Defendants to clarify the exact acts or omissions allegedly committed by these individuals that serve as the basis for this lawsuit against them and sufficiently articulate how each individual intentionally violated Rombach's rights or caused him legal and actionable harm. Plaintiffs' allegations are non-specific and conclusory and fail to identify any specific act committed by any specific named Defendant. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F2d. 278 284 (5th Cir. 1993) As a result of Plaintiffs' failure to specifically identify any act or omission allegedly committed by any of the indivudially named Defendants, Plaintiffs' claims against Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton must fail as a matter of law and be dismissed with prejudice.

### e.     Plaintiffs' *Monell* Claim Fails As A Matter of Law

As noted above, Plaintiffs specifically sued Chief Culpepper, Warden Adams and Mayor Perette for *Monell* type violations and allege that these Defendants condoned, ratified, approved and/or otherwise acquiesced in the death of Rombach, and maintained an atmosphere in the Sheriff's Department which encourages "official lawlessness" among deputy sheriffs, the kind of which is responsible for Rombach's death. (Doc. 60,¶18). These allegations are not supported by the record and there is simply no evidence whatsoever to support these baseless and defamatory allegations.

In order to hold Chief Culpepper, Warden Adams and Mayor Perette liable in this case for any *Monell* type violation, Plaintiffs must first prove that a municipal officer or employee of the City of Bogalusa violated Rombach's constitutional rights. *Monell v. New York City Depart. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, in order to hold a municipality liable, the Court must conclude that the alleged unconstitutional acts committed by the municipal employee constituted an "official" policy of the City. *Monell, supra.*

In *Pembaur v. City of Cincinnati*, 106 S.Ct. 1292, 1300 (1986), the Court held:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy-maker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite faults on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation. City of Oklahoma City v. Tuttle, 105 S.Ct. 2427, 2436 (1985).

Therefore, to prove municipal liability, the Plaintiffs must prove the municipality itself was a "moving force" behind the constitutional violation by the employee. *Kentucky v. Graham,* 105

S.Ct. 3099, 3105 (1985). That is, a Plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Board of the County Commissioners v. Brown*, 1997 WL 201995 (U.S. S.Ct. April 28, 1997). This is because the "touchstone of the §1983 action against the government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution." *Monell, supra*, 98 S.Ct. 2036.

There is no evidence to establish that the Defendants, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton and/or any other identified and named employee of the City of Bogalusa committed any constitutional violation that can be causally linked to the perforated duodenal ulcer or some other actionable injury suffered by Rombach. In addition, there is no evidence which establishes that these individual Defendants committed a constitutional violation that can be causally linked to Bogalusa or that some custom, policy or practice of Bogalusa was the moving force behind or caused any deprivation of Rombach's civil rights allegedly committed by any of the named Defendants. The evidence is clear that Rombach did not know he had an ulcer much less a perforated duodenal ulcer; Rombach did not report an ulcer; Rombach did not tell anyone he was suffering from an ulcer; and Rombach certainly did not ask for medical treatment of an ulcer. The evidence is also clear that there is no proof that any Defendant or employee of Bogalusa had any reason to suspect and could not have possibly known that Rombach faced a serious risk of harm due to an undisclosed perforated duodenal ulcer, and then intentionally chose to ignore and not treat Rombach's perforated duodenal ulcer. (Exs. A, I, J, K, L, M & N)

Therefore, Plaintiffs cannot prove that any alleged violation of Rombach's constitutional rights by any of these individual Defendants was pursuant to some unknown official policy of the

police department and/or Bogalusa. In light of these indisputable facts, there is no basis for which to hold Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, Lashonda Payton and/or the City of Bogalusa liable under 42 U.S.C. §1983 or any other state or federal statute. As a result, the Plaintiffs' purported *Monell* allegations against Chief Culpepper, Warden Adams, Mayor Perette and/or Bogalusa must be dismissed with prejudice and at the Plaintiffs' costs.

### f.     Qualified Immunity under Louisiana State Law

Under Louisiana law, liability shall not be imposed on public officers or employees based on the exercise or performance or the failure to exercise or perform discretionary acts when such acts are within the course and scope of their lawful powers and duties. LSA-RS 9:2798.1 (B).

For the foregoing reasons, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton move this Honorable Court to dismiss the Plaintiffs' state law claims with prejudice, because the Plaintiffs cannot bear their burden of proving that these individual Defendants took any actions against Rombach, did anything to harm Rombach and/or acted in any way that would prevent these Defendants from taking advantage of and invoking the protections of LSA-RS 9:2798.1. As such, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton move this Honorable Court to declare that they are entitled to the protections afforded in the provisions of LSA-RS 9:2798.1 and order that all of the Plaintiffs' claims against them under Louisiana state law must be dismissed with prejudice and at Plaintiffs' cost.

### g.     No evidence of Deliberate Indifference

Under the Fourteenth Amendment, pretrial detainees have a right have their basic needs, including medical care, met while they are in the state's custody. *Patterson v. Allain*, 12-1365 (La.App.1st Cir. 4/26/13), 116 So.3d 732, 735. See also, *Estate of Henson v. Krajca*, 440 Fed.Appx.

341, 343 (5th Cir. 2011); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996)).

To challenge an episodic act or omission of an individual official, the detainee is required to show that the defendant officials had "subjective knowledge of a substantial risk of serious harm" to him and responded with deliberate indifference. *Hare,* 74 F.3d at 650. Deliberate indifference describes a state of mind more blameworthy than negligence. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Acting or failing to act with deliberate indifference to a substantial risk of harm is equivalent to recklessly disregarding that risk. *Id.*, 511 U.S. at 836. As such, to prevail on a claim of deliberate indifference to medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, ignored his medical complaints, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Hare*, 74 F.3d at 648-649, applying, *Farmer*, 511 U.S. at 833-838 (plaintiff must show that the official knew of and disregarded an excessive risk to inmate health and safety).

In other words, deliberate indifference in the context of an episodic failure to provide reasonable medical care to a pretrial detainee means that:

1)     the official was aware of facts from which an inference of substantial risk of serious harm could be drawn;

2)     the official actually drew that inference; and

3)     the official's response indicates the official subjectively intended that harm occur.

*Washington v. Gusman*, 15-177 (La.App.4th Cir. 10/14/15), 183 So.3d 510, citing, *Thompson v. Upshur County, TX*, 245 F.3d 447, 458-459 (5th Cir. 2001), and *Hare*, 74 F.3d at 643, 649-650. As such, deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant

to the conscience - thus the test is "subjective recklessness." *Alderson v. Concondia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997), quoting, *Farmer*, 511 U.S. 825, 840).

However, deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Hare*, 74 F.3d at 645, 649; *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference.") In addition, a prisoner's disagreement with his medical treatment generally is not enough to show deliberate indifference. *Gobert*, 463 F.3d at 346; *Norton v. Dimazana*, 122 F.3d 286, 292.

Based upon the indisputable material facts of this case, there is absolutely no evidence of record to suggest that the Plaintiffs can prove that any of the named Defendants violated any standard of care and are liable for deliberate indifference in relation to the death of Rombach. To prove a cause of action for deliberate indifference, Plaintiffs must prove that an identified specific defendant denied him treatment, purposefully gave him improper treatment, ignored his medical complaints, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Gobert,* 463 F.3d at 346; *Hare*, 74 F.3d at 648-649.

The record clearly proves that during his incarceration in the Boglusa Jail Facility from July 6, 2015 through July 9, 2015, Rombach never told anyone, including his family members and his cell mate, that he had a perforated duodenal ulcer, was suffering from a perforated duodenal ulcer, needed medical treatment for a perforated duodenal ulcer, wanted treatment for a perforated duodenal ulcer, and/or that he needed to go to the hospital for medical treatment of a perforated duodenal ulcer. In fact, when Rombach was processed into the jail facility, he answered "no" to all

questions asking if he needed medical attention, whether he was on drugs, and/or whether he required medical treatment for any reason. During his three day stay in the jail, Rombach did make it known that he was withdrawing from heroin, however, at no time did he exhibit any signs that he was in emergent and/or unusual distress, and at no time, even when he was asked by jail personnel did he state that he needed medical attention fr any reason, much less for a perforated duodenal ulcer. (Exs. A, D, E, I, J, K, L, M & N)

As a result of the foregoing, if the Plaintiffs have stated a viable cause of action for deliberate indifference against any of the individually named Defendants, then it is clear from the record that Plaintiffs cannot prove that any of the individually named Defendants are liable for deliberate indifference in relation to the death of Rombach, and Plaintiffs' claims must fail and be dismissed with prejudice.

**h.     No Evidence of Cruel and Unusual Punishment**

The standard governing the treatment of pretrial detainees is governed by the Fifth and Fourteenth Amendments' Due Process Clause; the Eighth Amendment Cruel and Unusual Punishment Clause governs prisoners who have been convicted. *Bell v. Wolfish*, 441 U.S. 520 (1979).

Prison conditions may be "restrictive and even harsh." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, the failure of prison or jail officials to provide for the basic human needs of prisoners may rise to the level of an Eighth or Fourteenth Amendment violation. Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Sanville v. McCaughtry*, 266 F3d. 724, 733 (7th Cir. 2001) Whether a particular event or condition in fact

constitutes "cruel and unusual punishment" is gauged against the "evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement if it can be proved that they **knew** inmates faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994) (added emphasis)

Based upon the indisputable material facts of this case, there is absolutely no evidence of record to suggest that the Plaintiffs can prove that any of the individually named Defendants violated any standard of care and are liable for cruel and unusual punishment in relation to the death of Rombach. To prove a cause of action for cruel and unusual punishment, Plaintiffs must prove that an identified specific defendant **knew** Rombach faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. 825 (1994).

The record clearly proves that during his incarceration in the Boglusa Jail Facility from July 6, 2015 through July 9, 2015, Rombach never told anyone, including his family members and cell mate, that he had a duodenal ulcer, was suffering from a duodenal ulcer, needed medical treatment for a duodenal ulcer, wanted treatment for a duodenal ulcer, and/or that he needed to go to the hospital for medical treatment of a duodenal ulcer. In fact, when Rombach was processed into the jail facility, he answered "no" to all questions asking if he needed medical attention, whether he was on drugs, and/or whether he required medical treatment for any reason. During his three day stay in the jail, Rombach did make it known that he was withdrawing from heroin, however, at no time did he exhibit any signs that he was in emergent and/or unusual distress, and at no time, even when he was asked by jail personnel did he state that he needed medical attention. (Exs. A, D, E, I, J, K, L,

M & N)

As a result of the foregoing, if the Plaintiffs have stated a viable cause of action for cruel and unusual punishment against any of the individually named Defendants, then it is clear from the record that Plaintiffs cannot prove that anyone including these individually named Defendants are liable for cruel and unusual punishment in relation to the death of Rombach, and Plaintiffs' claims must fail and be dismissed with prejudice.

### i. State Law Claims must be Dismissed

Plaintiff alleges that under the principle of respondeat superior the named Defendants are liable for the actions of the unidentified Defendants and therefore are responsible for Rombach's death pursuant to Articles 2315, 2315.1 and 2316 of the Louisiana Civil Code. The Defendants will address each of the enumerated allegations of state liability:

a. In paragraph 16 of the Amended Complaint, Plaintiffs allege that Defendants violated LSA-CC arts 2315, 2315.1, and 2316 by refusing to provide medical attention to Rombach, which resulted in his needless and untimely death. There is no evidence of record that Rombach ever informed Bogalusa through any employee that he had an ulcer, was suffering from an ulcer or that he needed medical attention. In addition, Rombach never told his family in their telephone conversations that he had an ulcer or any other medical condition, that he was suffering, or that he needed medical attention. (Exs. A, D, E, I, J, K, L, M, & N) Therefore, Plaintiffs cannot prove these allegations and they must be dismissed as a matter of fact and law.

b. In paragraph 17 (a) of the Amended Complaint, Plaintiffs allege that the collective Defendants knowingly and intentionally failed to respond to decedent's complaints and need for medical care. There is absolutely no credible proof to support this allegation. The evidence proves

that Rombach never informed Bogalusa through any employee that he had an ulcer, was suffering from an ulcer or that he needed medical attention. In addition, Rombach never told his family in their telephone conversations that he had an ulcer or any other medical condition, that he was suffering, or that he needed medical attention.(Exs. A, D, E, I, J, K, L, M, &N) Therefore, Plaintiffs cannot prove this allegations and it must be dismissed as a matter of fact and law.

c. In paragraph 17 (b) of the Amended Complaint, Plaintiffs allege that the collective Defendants knowingly and intentionally failed to ensure that decedent had prompt, adequate and necessary medical care. There is absolutely no credible proof to support this allegation. The evidence proves that Rombach never informed Bogalusa through any employee that he had an ulcer, was suffering from an ulcer or that he needed medical attention. In addition, Rombach never told his family in their telephone conversations that he had an ulcer or any other medical condition, that he was suffering, or that he needed medical attention. (Exs. A, D, E, I, J, K, L, M, &N) Therefore, Plaintiffs cannot prove this allegations and it must be dismissed as a matter of fact and law.

d. In paragraph 17 (c) of the Amended Complaint, Plaintiffs allege that the collective Defendants knowingly and intentionally caused decedent to suffer, both physically and psychologically. There is absolutely no credible proof to support this allegation. The evidence proves that Rombach never informed Bogalusa through any employee that he had an ulcer, was suffering from an ulcer or that he needed medical attention. In addition, Rombach never told his family in their telephone conversations that he had an ulcer or any other medical condition, that he was suffering, or that he needed medical attention.(Exs. A, D, E, I, J, K, L, M, &N) Therefore, Plaintiffs cannot prove this allegations and it must be dismissed as a matter of fact and law.

e. In paragraph 17 (d) of the Amended Complaint, Plaintiffs allege that the collective

Defendants knowingly and intentionally orchestrated, conducted, condoned, ratified and/or participated in infliction of cruel and unusual punishment on decedent. There is absolutely no credible proof to support this allegation. The evidence proves that Rombach never informed Bogalusa through any employee that he had an ulcer, was suffering from an ulcer or that he needed medical attention. In addition, Rombach never told his family in their telephone conversations that he had an ulcer or any other medical condition, that he was suffering, or that he needed medical attention. (Exs. A, D, E, I, J, K, L, M, &N) Therefore, Plaintiffs cannot prove this allegations and it must be dismissed as a matter of fact and law.

      f.      In paragraph 17 (e) of the Amended Complaint, Plaintiffs allege that the collective Defendants each had a duty to prevent each other from violating decedent's constitutional and statutory rights. In failing to do so, they violated decedent's rights. There is absolutely no credible proof to support this allegation. The evidence proves that Rombach never informed Bogalusa through any employee that he had an ulcer, was suffering from an ulcer or that he needed medical attention. In addition, Rombach never told his family in their telephone conversations that he had an ulcer or any other medical condition, that he was suffering, or that he needed medical attention.(Exs. A, D, E, I, J, K, L, M, &N) Therefore, Plaintiffs cannot prove this allegations and it must be dismissed as a matter of fact and law.

      As result of the foregoing, all of Plaintiffs' claims against the Defendants pursuant to Louisiana state law must be dismissed with prejudice and at Plaintiffs' cost.

## V.    Conclusion

      As set forth above, it is clear from the record that there is no material question of fact at issue as to whether Plaintiffs can prove any allegation of wrongdoing against Chief Joe Culpepper,

Warden Scott Adams, Mayor Wendy O'quin Perette, the City of Bogalusa, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and/or Lashonda under federal and/or Louisiana state law. It is also clear that Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton are entitled to qualified immunity under federal and state law, and Plaintiffs cannot sustain a *Monell* type claim against the City of Bogalusa. Therefore, Chief Joe Culpepper, Warden Scott Adams, Mayor Wendy O'quin Perette, the City of Bogalusa, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton respectfully move for and pray that this Honorable Court, after all due proceedings are had, grant this motion for summary judgment and issue an order in their favor that all of Plaintiffs' claims be dismissed with prejudice and at the Plaintiffs' costs.

Dated: July 15, 2020.

Respectfully submitted,

NIELSEN & TREAS, L.L.C.

*/s/ Keith M. Detweiler*
Keith M. Detweiler, La. S.B. #20784
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500
F: (504) 832-9165
Email: kdetweiler@nt-lawfirm.com
Counsel for Defendants,
Joe Culpepper, Scott Adams, Wendy O'Quin Perette, City of Bogalusa, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of July, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record**.**

David C. Whitmore
Lawrence Blake Jones
Scheuermann & Jones
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Email: jones@nola-law.com; dcw@nola-law.com

*/s/ Keith M. Detweiler*
Keith M. Detweiler