UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE ESTATE OF GREGORY ROMBACH** and **DONNA MAHL ROMBACH**, on behalf of the minor child, D.A.R.<br>　　　Plaintiff<br><br>**VERSUS**<br><br>**JOE CULPEPPER**, Individually and in his official capacity as Chief of Police, City of Bogalusa, Louisiana, **SCOTT ADAMS**, Individually and in his official capcacity as Warden, Bogalusa City Jail, **WENDY O'QUIN PERETTE**, Individually and in her official capacity as Mayor, City of Bogalusa, and **JOHN DOE(S) and/or JANE DOE(S) A-Z** individually and in their official capacities and **XYZ INSURANCE COMPANY**<br>　　　Defendants | CIVIL ACTION NO.: 16-0556<br><br>SECTION: "'M"<br><br>MAGISTRATE: 2 |

**************************************************************************

## STATEMENT OF INDISPUTABLE MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, come Defendants JOE CULPEPPER, in his official capacity as Chief of Police ("Chief Culpepper"), City of Bogalusa, Louisiana, SCOTT ADAMS, in his official capacity as Warden, Bogalusa City Jail ("Warden Adams"), WENDY O'QUIN PERETTE, in her official capacity as Mayor, City of Bogalusa (Mayor Perette"), Otis Taylor, individually and in his official capacity as a City of Bogalusa employee, Louis Clark, individually and in his official capacity as a City of Bogalusa employee, Lesley Knight, individually and in her official capacity as a City of Bogalusa employee, Lisa Erwin, individually and in her official capacity as a City of Bogalusa employee, Leonard Powell, individually and in her official capacity as a City of Bogalusa employee, Lashonda Payton, individually and in her official capacity as a City of Bogalusa employee, and The City of Bogalusa ("Bogalusa"), who respectfully submit

this Statement of Indisputable Material Facts in support of their motion for summary judgment, to wit:

1. The Defendants hereby adopt the Order and Reasons issued by the Honorable Judge Ivan L.R. Lemelle on March 8, 2018 related to the prior Motion for Summary Judgment filed by Defendants, Culpepper, O'Quin Perrette, Adams and City of Bogalusa, as a factual and legal basis for this Motion for Summary Judgment filed by Joe Culpepper, Scott Adams, Wendy O'Quin Perette, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, Lashonda Payton, and The City of Bogalusa.

2. Gregory Rombach ("Rombach") was legally arrested and detained by the Bogalusa Police Department on July 6, 2015, for shoplifting at the local Walmart, and for an outstanding arrest warrant for failure to appear in court in a previous criminal matter. (Exs. A, B, C, D)

3. On the morning of July 9, 2015, Gregory Rombach was discovered dead and lying face down on the floor of his cell in the Bogalusa Jail facility. (Ex. A)

4. The Coroner's Autopsy Protocol confirmed that Rombach died of a perforated duodenal ulcer with peritonitis and had amphetamines, methamphetamines and opiates in his system at the time of his death. (Exs. A, G, & H)

5. When Rombach was booked into the Bogalusa Jail facility on July 6, 2015, he was questioned about his health, questioned about any medical concerns that the jail should be aware of, and questioned as to whether he needed medical attention. Rombach denied all questions regarding the need for medical care and regarding his health. (Exs. A, D & E)

6. When Rombach was processed into the jail facility, a court issued hold was placed on him due to the failure to appear charges. As a result, Rombach could not bond out of jail until he went

before the Court to address the failure to appear issue. On July 6, 2015, Rombach appeared in Court and was sentenced to 15 days in the Bogalusa jail or pay a $250.00 fine for contempt of court for the failure to appear charges, and his arraignment for the new shoplifting charge was set for July 13, 2015. (Exs. A & F)

7. While in jail, Rombach called and spoke to his parents, Donna Rombach and Peter Rombach, Sr., and his brother, Peter Rombach, Jr., in three separate phone calls prior to his death. In each phone call, Rombach did not tell his family that he had an ulcer, did not complain to them about an ulcer, did not say he needed medical attention, did not say he asked for medical attention, and did not say that the Bogalusa jail personnel denied and/or refused to provide medical attention. (Exs. A, I, J, & K)

8. Rombach called his mother at 2 or 3 o'clock in the morning of July 6, 2015 and told her he was in jail and wanted het to get him out. Mrs. Rombach told him the process would take days. Rombach did not mention any medical problems. Mrs. Rombach stated that her son was not under the care of a doctor prior to going to jail, and she never knew him to suffer from ulcers. (Ex. I)

9. Rombach called his father, Peter Rombach, Sr., from jail and told his father that he was not doing good. Mr. Rombach admits that he never dreamed his son had a medical problem and that Rombach didn't even know himself. Mr. Rombach further admits that he did not know about an ulcer, that his son never complained, that his son was type of person who never complained and pain did not bother his son. (Ex. J)

10. Rombach called his brother, Peter Rombach, Jr., from jail and told his brother that he was in jail and wanted him to get him out.  Rombach did not mention physical or medical issues. Rombach's brother had no idea Rombach had a medical condition, never knew Rombach to suffer

from ulcers, and admits Rombach was not seeing a doctor. (Ex. K)

11.     During his incarceration at the Bogalusa jail, Rombach was assigned a cell, and at some point the jail personnel learned that Rombach was experiencing withdrawal symptoms related to his voluntary consumption of illicit drugs. (Exs. A & M, p. 14-17)

12.     Rombach admitted to the jail personnel that he was withdrawing from heroin, but also denied needing medical attention. He said he needed Castor Oil to go to the bathroom. (Exs. A & N, p. 13-17)

13.     Rombach never told anyone including the named Defendants, Adams, Culpepper, Perrette, Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, and Lashonda Payton that he had an ulcer or was suffering from any condition related to an ulcer that required medical treatment or intervention. (Exs. A & M, p. 14-17)

14.     The Bogalusa Jail facility personnel routinely deal with and experience inmates that are withdrawing from heroin and other illicit drugs. The jail facility is not large enough to require a hospital or medical facility, therefore, inmates are asked to notify the prison personnel of any medical issues or concerns and are provided medical request forms to request a medical exam or visit to the hospital or emergency room. (Exs. A, & L, p. 7-10, 29-33)

15.     Rombach never requested to see a doctor or go to the emergency room and never told anyone that he had an ulcer. The jail personnel did move Rombach to a padded cell that is closer to the guard's observation room, because he was being disruptive and to observe him better. When questioned about the withdrawal symptoms, Rombach said he was fine and requested to go back to his cell. Rombach never told the jail personnel that he was suffering from an ulcer or needed medical attention. (Exs. A, L, p. 29, M, p. 14-17, & N, p.13-17)

16.     Over the course of several years, the nearby hospital medical providers have routinely explained to the jail facility that there is no real treatment of withdrawal symptoms and it is normally sufficient for the jail to observe the inmate in withdrawal and provide plenty of hydration, aspirin, and malox-type products to assist the inmate in going through the withdrawal. The medical facility is a block away and is available if and when something emergent and/or unusual occurs with an inmate in withdrawal or for any other reason. No inmate has ever died in the Bogalusa Jail Facility as a result of withdrawal from illicit drugs. (Exs. A, L, p. 29-33, M, p. 23, & N, p. 13-14)

17.     Rombach requested and was given a small dose of castor oil for relief of constipation. Inmates that abuse illicit drugs, especially opioids, usually experience constipation associated with the drug abuse. Therefore, the Bogalusa jail facility will provide castor oil to assist anyone having trouble with constipation. (Exs. A, L, p. 29-33, & N, p. 16-17)

18.     The City of Bolgalusa budget is extremely limited and the City cannot afford to send every new inmate that experiences withdrawal symptoms to the hospital to be evaluated. (Ex. A)

19.     The Bogalusa jail facility has been operated by the City of Bogalusa since 2002, and since that time has been required to adhere to and operate in compliance with the Louisiana Department of Public Safety and Corrections Basic Jail Guidelines ("BJG"). The operations of and the actual Bogalusa jail facility have been evaluated and inspected annually by the BJG Monitoring Process and the jail has passed each and every inspection regarding compliance with the BGL Process since 2002.   (Ex. A)

20.     The Bogalusa Jail facility personnel routinely deal with and experience inmates that are withdrawing from heroin and other illicit drugs. The Bogalusa jail facility is a small local jail and not large enough to require a hospital or medical facility according to the BJG, therefore, inmates

are asked to notify the prison personnel of any medical issues or concerns and are provided medical request forms to request a medical exam or visit to the hospital or emergency room. Jail personnel also observe inmates for any signs of medical distress and respond accordingly. (Exs. A, & L, p. 7-10)

21. Rombach also never told any jail personnel that he needed medical attention or wanted medical attention due to the withdrawal symptoms that he was experiencing. (Ex. A)

22. Christopher Flot agrees that Gregory Rombach was withdrawing off of heroin and never told him or anyone else including Bogalusa Jail personnel that he (Rombach) was suffering from a duodenal ulcer and needed medical treatment or to go to the hospital to be treated for a duodenal ulcer.

23. The Criminal Section of the Civil Rights Division of the Department of Justice investigated this matter and concluded that the evidence does not establish a prosecutable violation of federal criminal civil rights statues.  (Ex. O)

Dated: July 15, 2020.

                Respectfully submitted,

                NIELSEN & TREAS, L.L.C.

                */s/ Keith M. Detweiler*
                Keith M. Detweiler, La. S.B. #20784
                3838 N. Causeway Boulevard, Suite 2850
                Metairie, Louisiana 70002
                P: (504) 837-2500
                F: (504) 832-9165
                Email: kdetweiler@nt-lawfirm.com
                Counsel for Defendants,
                Otis Taylor, Louis Clark, Lesley Knight, Lisa Erwin, Leonard Powell, Lashonda Payton, Joe Culpepper, Scott Adams, Wendy O'Quin Perrette, and City of Bogalusa

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 15th day of July, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record**.**

  David C. Whitmore
  Lawrence Blake Jones
  Scheuermann & Jones
  701 Poydras Street, Suite 4100
  New Orleans, LA 70139
  Email: jones@nola-law.com; dcw@nola-law.com

             */s/ Keith M. Detweiler*
             Keith M. Detweiler